Case 7:20-cv-00400 Document 36 Filed on 09/16/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 7:20-cv-00400 |
| 0.062 ACRES OF LAND, more or less, in STARR COUNTY, TEXAS; JOSE ROEL MONTALVO; et al., | § § § § § | |
| Defendants. | § § | |

# FINAL JUDGMENT

Pursuant to the Court's previous orders, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The full and just compensation payable by the United States for the taking of a fee simple interest in Tract RGV-RGC-2049[1] shall be the sum of sixty-five dollars and 00/100 ($65.00) plus any accrued interest, which is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action.

2. Judgment shall be and is hereby entered against the United States in the amount of sixty-five dollars and 00/100 ($65.00) plus any accrued interest for the taking of Tract RGV-RGC-2049.

3. The United States shall be and is hereby entitled to immediate possession of fee Tract RGV-RGC-2049, and all persons in possession or control of the interests taken in the

---

[1] Dkt. Nos. 1-1 & 2-1 (Schedules C, D, & E).

Subject Property are **ORDERED** to surrender possession of same to the United States of the condemned estate:

> The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;
>
> Reserving to the owners of land described in conveyance recorded with the Official Records of Starr County (O.R.S.C.), Texas, Document No. 1971-79468, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map below;
>
> Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.[2]

4. The total said sum of sixty-five dollars and 00/100 ($65.00) with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount.

5. Defendant, Starr County Tax Assessor-Collector, has a valid claim on the just compensation to be paid for the property, specifically, *ad valorem* taxes, penalties and interest that have accrued consistent with the appropriate provisions of the Texas Property Tax Code including, but not limited to, sections 32.01, 32.04, 32.05, 33.01, 33.07, and 33.48. The property that is the subject of the United States' condemnation and included herein, is legally subject to annual assessments for ad valorem taxes. Defendant Starr County Tax Assessor-Collector's interest stems from those assessments.

---

[2] Dkt. No. 1-1 & 2-1 at 14 (Schedule E).

6. As a result of the outstanding property taxes held over the Subject Property and valid claim made by Starr County Tax Assessor/Collector, Starr County Tax Assessor/Collector has the exclusive right to the compensation set forth herein, excepting the interests of other parties having liens, encumbrances of record, and unpaid taxes and assessments, if any, and (c) no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

7. Defendants Jose Roel Montalvo, Ninfa Montalvo Mireles, Edna Montalvo Cantu, and Anna (Ana Marie) Montalvo Garza are responsible for the payment of any additional taxes or assessments, which they otherwise owe on the interests in the properties taken in this proceeding on the date of the taking.

8. In the event that any other party is ultimately determined to have any right to receive compensation for the interest taken in the Subject Properties, Defendant, Starr County Tax Assessor-Collector, shall refund the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendant, to the date of repayment into the Registry of the Court.

9. The parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.

10. Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated partial judgment.

11. Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the property

taken in this proceeding on the date of taking.

12. The stipulated just compensation remains on deposit in the Court's Registry.[3] The Clerk of Court shall now, without further order of the Court, **DISBURSE** the total sum of sixty-five and 00/100 dollars ($65.00)**, along with any accrued interest earned thereon while on deposit**, payable by check as follows:

    a. $65.00 with accrued interest from the date of deposit to "Starr County Tax Assessor/Collector," tax identification number 17794, on account of the taxes owed on the Subject Property.

All claims in this case having been resolved, the Court hereby renders final judgment in accordance with Federal Rule of Civil Procedure 54. This case is terminated, and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[3] Dkt. No. 32.